**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | |
|---|---|
| LEE DELVA NELSON,<br><br>Plaintiff,<br><br>vs.<br><br>SARA BREUSS, et al.,<br><br>Defendants. | No. 26-CV-2050-CJW-MAR<br><br>**INITIAL REVIEW ORDER** |
| LEE DELVA NELSON,<br><br>Plaintiff,<br><br>vs.<br><br>WHITNEY MIDDLETON, et al.,<br><br>Defendants. | No. 26-CV-2052-CJW-MAR<br><br>**INITIAL REVIEW ORDER** |
| LEE DELVA NELSON, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>NINA ZANBOUR, et al.,<br><br>Defendants. | No. 26-CV-2060-CJW-MAR<br><br>**INITIAL REVIEW ORDER** |

| | |
|---|---|
| LEE DELVA NELSON,<br><br>Plaintiff,<br><br>vs.<br><br>VALLEY WIDE TOWING, et al.,<br><br>Defendants. | No. 26-CV-2061-CJW-MAR<br><br>**INITIAL REVIEW ORDER** |

The above four cases filed by Lee Delva Nelson are before the Court. In all four cases, plaintiff filed a pro se motion to proceed in forma pauperis and a Title 42, United States Code, Section 1983 complaint. For the following reasons, the Court **grants** the motions to proceed in forma pauperis in each case but **dismisses** the complaints in each case on initial review.

## *I. MOTIONS TO PROCEED IN FORMA PAUPERIS*

Plaintiff, who is not incarcerated, did not pay the filing fee but filed a motion to proceed in forma pauperis in all four cases. *See* 28 U.S.C. § 1914(a) (requiring filing fee).[1] For a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28, U.S.C. § 1915(a)(1).[2] Additionally, "[s]uch affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." *Id.*

[1] The fee includes the $350 filing fee set out by Title 28, United States Code, Section 1914(a) and the additional $55.00 administrative fee required when filing all civil actions. *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $55 . . ..").

[2] Despite an oft acknowledged typographical error, Section 1915(a) applies to both prisoners and non-prisoners. *See Hayes v. United States*, 71 Fed. Cl. 366, 367 (2006) (citing, *e.g., Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997)).

Here, plaintiff filed the required affidavit in all four cases. (26-CV-2050 Doc. 1; 26-CV-2052 Doc. 1; 26-CV-2060 Doc. 1; 26-CV-2061 Doc. 1). In his affidavits, plaintiff lists his gross pay or wages and take-home pay or wages as $0. (26-CV-2050 Doc. 1, at 1; 26-CV-2052 Doc. 1, at 1; 26-CV-2060 Doc. 1, at 1; 26-CV-2061 Doc. 1, at 1). He states that he has, most recently, over $4,000 in court costs due and $30 in cash or savings. (26-CV-2061 Doc. 1, at 2). Because it is clear that he does not have the assets necessary to pay the filing fee, plaintiff's motions to proceed in forma pauperis are **granted**.

## *II. INITIAL REVIEW STANDARD*

Courts must liberally construe a pro se complaint. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). However, the Court may dismiss an in forma pauperis complaint if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant that is immune from a monetary judgment. 28 U.S.C. § 1915(e)(2).

In reviewing an in forma pauperis complaint, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Pro se complaints, however, must allege sufficient facts to support the plaintiff's claim. *Stone*, 364 F.3d at 914. A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). In determining whether a complaint fails to state a claim under Section 1915(e)(2), courts generally rely on the standards articulated in Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (applying Rule 12(b)(6) standard to a dismissal under 28 U.S.C. § 1915(e)(2). An action fails to state a claim upon which relief can be granted if it does

not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under Section 1915(e)(2), a court may review the complaint and dismiss sua sponte those claims that fail "to raise a right to relief above the speculative level," *id.* at 555, or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325.

## *III. INITIAL REVIEW ANALYSIS*

### *A. Section 1983 Standard*

Title 42, United States Code, Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

Section 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, Section 1983 provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [Section] 1983'—for [Section] 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, Section 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (stating that Section 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means Section 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under Section 1983, a plaintiff must establish: (1) the violation of a right secured

by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

***B. Analysis***

***1. 26-CV-2050***

On July 27, 2026, plaintiff filed a filed a pro se Section 1983 complaint in 26-CV-2050 naming as defendants Sara Breuss, Jayme Meers, and Michele Kuehl, all in their individual and official capacities.[3] (26-CV-2050 Doc. 1-1, at 2). He lists their job titles as court administrator and clerks of court. (*Id.*). In his complaint, plaintiff asserts that defendants denied him access to the courts and due process in violation of the First and Fourteenth Amendments.[4] (*Id.*, at 3). Plaintiff claims that after his case was closed,

---

[3] Regarding plaintiff's official capacity claims, "[a] suit against a public official in his official capacity is actually a suit against the entity for which the public official is an agent." *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006). To impose Section 1983 liability on a local government body, a plaintiff must show that an official policy or widespread practice caused a deprivation of a constitutional right. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Corwin v: City of Independence, Mo.*, 829 F.3d 695, 699 (8th Cir. 2016) (citations omitted) ("Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise."). "A policy is a deliberate choice to follow a course of action … made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Hayes v. Faulkner Cnty.*, 388 F.3d 669, 674 (8th Cir. 2004) (internal quotation marks and citation omitted). To constitute a custom the alleged unconstitutional conduct must be "continuing, widespread, and persistent." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). Plaintiff does not allege that there is a custom, widespread practice, or policy underpinning any of the alleged harms in any of the cases, thus, the Court does not consider the official capacity claims any further.

[4] Plaintiff mentions a "right to due process under equal protection" in his request for relief. (26-CV-2050 Doc. 1-1, at 5). To state a claim under the Equal Protection Clause, a Section 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Nolan v. Thompson*, 521 F.3d 983, 989 (8th Cir. 2008). If a plaintiff does not assert that he is a member of a protected class, he must prove that he was

defendants denied him access to the Black Hawk County Courthouse, stating that he "had no rights to conduct business or access services at the facility[.]" (*Id.*, at 4). For relief, he seeks declaratory and injunctive relief, compensatory and punitive damages, as well as the Court "lift the unlawful courthouse barring." (*Id.*, at 5). In attached Exhibit A, plaintiff adds details to his allegation, including stating that on September 17, 2025, he went to the Black Hawk County Courthouse where defendant Breuss denied him the name of the court administration supervisor and "then directed deputies to remove him." (Doc. 1-2, at 1). "The removal was expressly based on the stated position that [plaintiff] had 'no right doing business' in the courthouse" given that his case was closed. (*Id.*, at 2).

The right to access the courts is focused on the ability to present a non-frivolous claim to the court. *Lewis v. Casey*, 518 U.S. 343, 354 (1996); *McDonald v. Schuffman*, No. No. 4:06CV1009 (HEA), 2007 WL 29677, at *1 (E.D. Mo. Jan. 3, 2007) ("To state an access to the courts claim, plaintiff must allege that he suffered actual prejudice to a non-frivolous action."). A plaintiff must show that the lack of access to the court caused him an actual injury to have standing to bring a claim for denial of access to the courts. *Lewis*, 518 U.S. at 349.

Actual injuries resulting from the denial of access to the courts include, *e.g.*, a court dismissing a claim due to the lack of access to legal materials, or the inmate being

---

"treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). "To be similarly situated for purposes of a class-of-one equal-protection claim, the persons alleged to have been treated more favorably must be identical or directly comparable to the plaintiff in all material respects." *Robbins v. Becker*, 794 F.3d 988, 996 (8th Cir. 2015). A plaintiff must state more than a general, conclusory accusation of discrimination. S*ee Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (stating a claim requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."); *see also Kaylor v. Fields,* 661 F.2d 1177, 1183 (8th Cir. 1981) (stating that a "complaint must contain something more than mere conclusory statements that are unsupported by specific facts"). Because plaintiff does not state a protected class that he is a member of nor that there are others who are similarly situated whom defendants treated differently, the Court does not address any potential equal protection claim further.

unable to file a claim for an actionable harm due to the lack of access to legal materials. *Id*. at 351; *see also Root v. Towers*, 238 F.3d 423 (6th Cir. 2000) (unpublished) ("[n]o actual injury occurs without a showing that such a claim has been lost or rejected, or that the presentation of such a claim is currently being prevented."); *Nitz v. Hall*, No. 11-1143, 2011 WL 13193297, at *3 (C.D. Ill. June 16, 2011), *aff'd*, 473 F. App'x 513 (7th Cir. 2012) ("[W]hen a plaintiff alleges a denial of the right to access the courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filing, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources."). In reviewing an access to the courts based on restrictions to the time to state a claim, the Supreme Court stated,

> The power is in the courts, ultimately in this court, to determine the adequacy and reasonableness of such terms. A man cannot be said to be denied, in a constitutional or in any rational sense, the privilege of resorting to courts to enforce his rights when he is given free access to them for a length of time reasonably sufficient to enable an ordinarily diligent man to institute proceedings for their protection.

*Canadian N. R.R. Co. v. Eggen*, 252 U.S. 553, 562 (1920).

Here, the Court finds that plaintiff has failed to state a claim for denial of access to the courts. Plaintiff does not allege that defendants prevented him from bringing any non-frivolous claim. In fact, plaintiff acknowledges that whatever pending case he had was closed. Denying plaintiff the name of a supervisor and having him removed from the courthouse does not meet the level necessary to sufficiently allege actual injury as he does not allege any harm to any ongoing judicial action. Likewise, plaintiff does not allege that defendants denied him information or assistance with his case while it was still pending, nor that he was unable to find the necessary information nor submit filings elsewhere or in another way. Thus, the Court **dismisses** the complaint for failure to state a claim upon which relief may be granted.

***2. 26-CV-2052***

On August 7, 2026, plaintiff filed a pro se Section 1983 complaint in 26-CV-2052, naming as defendants Whitney Middleton, Rick Lubbin, Andrew C. Abbott, and Heather Feldkamp, all in their individual and official capacities, for "deprivation of Fourteenth Amendment due process and First Amendment right to petition the government." (26-CV-2052 Doc.1-1, at 2–3). Pages four and five of the standard 1983 pro se complaint template are not included; those pages normally include the statement of claim, injuries, and relief. Thus, plaintiff did not state those facts at all. In the pages that are included, however, plaintiff lists as defendants' jobs or titles "judge/magistrate". (*Id.*). Plaintiff attached two pages of the docket from a state criminal case against plaintiff for a charge of operating while under the influence ("OWI"). *State v. Nelson*, OWCR268582 (Dist. Ct. Black Hawk Cnty. 2025).

"Judicial immunity is immunity from suit. It is grounded in a general principle of the highest importance, that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Hamilton v. City of Hayti*, 948 F.3d 921, 925 (8th Cir. 2020). Judicial officials are entitled to absolute immunity from suit for the performance of duties that are integral parts of the judicial process as long as the judicial function was granted immunity under common law at the time Section 1983 was enacted. *See Briscoe v. LaHue*, 460 U.S. 325, 335 (1983). For judicial functions, judges enjoy absolute judicial immunity, which "is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). In addition to insulating judges from suit for performing judicial functions, "judicial immunity also protect[s] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988).

Here, plaintiff fails to state a claim for which relief can be granted because, based on the bare allegation of their job titles in the complaint, the defendants are barred from

suit by judicial immunity. As judges or magistrates, they are not proper parties to a claim under Section 1983 for actions performed while exercising their judicial authority. Plaintiff has not alleged any acts by these defendants outside of their judicial authority. To the contrary, his attached state court docket lists the defendants as the filers of various documents related to plaintiff's OWI charge, actions that fall squarely within their judicial authority. Thus, the Court **dismisses** this complaint for failing to state a claim upon which relief may be granted.

***3. 26-CV-2060***

On August 27, 2026, plaintiff filed a pro se Section 1983 complaint in 26-CV-2060, naming as defendants Nina Zanbour, Rebbeeca [sic] Johnson, Cindy Young, and Sergeant Edward Savage, all in their individual and official capacities. (26-CV-2060 Doc. 1-1, at 2–3). In his complaint, he alleges violations of the First and Fourteenth Amendments based on refused service "after court official[s] were put on notice." (*Id.*, at 3–4). He also alleges defendant Zanbour "misapplied [Iowa Code] Section 9B.8," the Code section covering the authority to refuse to perform a notarial act. (*Id.*, at 4). Regarding Sergeant Savage, plaintiff alleges he "refused to issue an incident report." (*Id.*). He seeks declaratory relief "for violation of due process and right to petition" and actual and punitive damages. (*Id.*, at 5).

Regarding the First Amendment claim, "the right of access to courts for redress of wrongs is an aspect of the First Amendment right to petition the government." *Sure–Tan, Inc. v. NLRB*, 467 U.S. 883, 896–897 (1984). At the same time, to demonstrate a violation of the right to petition, a petitioner "must show that his speech was on a matter of public concern." *Borough of Duryea v. Guarnieri*, 564 U.S. 379, 382–83 (2011). "If an employee does not speak as a citizen, or does not address a matter of public concern, a federal court is not the appropriate forum" to bring a claim for an alleged violation of the right to petition. *Id.* at 386. Here, plaintiff has failed to demonstrate a violation of the right to petition because he has not alleged denial of access to the courts nor that his

denial of access to the city offices to petition was on a matter of public concern. It is more likely, given plaintiff's reference to "court officials" being "on notice" that plaintiff was attempting to complain about a private matter. Such a claim does not survive initial review.

Regarding the Fourteenth Amendment claim, to show a violation of the Fourteenth Amendment's due process clause, a plaintiff first must demonstrate a deprivation of life, liberty, or property. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Only then can the plaintiff seek to invoke the procedural protections of the due process clause. *Id.* at 224; *see also Smith v. McKinney*, 954 F.3d 1075, 1079 (8th Cir. 2020) ("Once a liberty interest is established, the next question is what process is due."). Plaintiff has failed to allege such a deprivation of any property interest here. Plaintiff has not demonstrated a property interest in an incident report or to notarization. Thus, the Court **dismisses** the complaint for failure to state a claim upon which relief may be granted.

***4. 26-CV-2061***

Also on August 27, 2026, plaintiff filed a pro se Section 1983 complaint in 26-CV-2061, naming as defendants Renajid Kajtezovic, Valley Wide Towing & Recovery, and Alex Schneider, all in their individual and official capacities. (26-CV-2061 Doc. 1-1, at 2–3). He alleges a violation of the Fourteenth Amendment for "deprivation of property without due process of law[.]" (*Id.*, at 3). More specifically, he claims "Officer Alex Schneider and Officer Renajid Kajtezovic, along with Valley Wide Towing, acted under color of state law" when carrying out "unauthorized tows" of his vehicle on three dates in 2025 and 2026. (*Id.*, at 4). For relief, he seeks "compensatory and actual damages to cover all towing fees, impound fees, and financial losses incurred from the three unlawful tows" as well as punitive damages. (*Id.*, at 5).

The Due Process Clause of the Fourteenth Amendment prohibits state governments from depriving "any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. "This clause has two components: the procedural due

process and the substantive due process components." *Singleton v. Cecil,* 176 F.3d 419, 424 (8th Cir. 1999) (en banc) (citing *Cnty. of Sacramento v. Lewis,* 523 U.S. 833 (1998)). "Analysis of either a procedural or substantive due process claim must begin with an examination of the interest allegedly violated, and the possession of a protected life, liberty, or property interest is a condition precedent to any due process claim." *Id.* (cleaned up).

As the Eighth Circuit has stated:

> To demonstrate the government violated a person's substantive-due-process rights, the claimant must show evidence of "a constitutionally protected property interest and that [governmental] officials used their power in such an arbitrary and oppressive way that it 'shocks the conscience.'" *Entergy, Ark., Inc. v. Nebraska*, 241 F.3d 979, 991 (8th Cir. 2001) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 845–46 (1998)). In doing so, the claimant must show "more than that the government decision was arbitrary, capricious, or in violation of state law." *Chesterfield Dev. Corp. v. City of Chesterfield*, 963 F.2d 1102, 1104 (8th Cir. 1992). Rather, the allegations must demonstrate, in part, a "truly irrational" governmental action . . . . *Id.* . . . .. "[T]he theory of substantive due process," we have noted, "is properly reserved for truly egregious and extraordinary cases." *Chesterfield Dev. Corp.*, 963 F.2d at 1105. Such a case must be so abusive as to be "offensive to human dignity." *See New v. City of Minneapolis*, 792 F.2d 724, 726 (8th Cir. 1986).

*Azam v. City of Columbia Heights*, 865 F.3d 980, 986 (8th Cir. 2017). The Supreme Court has "repeatedly emphasized that only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" *City of Sacramento*, 523 U.S. at 846 (quoting *Collins v. City of Harker Heights,* 503 U.S. 115, 128 (1992)). "Minor mistakes do not shock the conscience." *Swanson v. Swanson*, No. 4:09-CV-0171-JAJ, 2009 WL 10664801, at *2 (S.D. Iowa Aug. 18, 2009). "Only a purpose to cause harm *unrelated to the legitimate object of* the government action in question will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation."

*Mitchell v. Dakota Cty. Soc. Servs.*, 959 F.3d 887, 898 (8th Cir. 2020) (quoting *Folkerts v. City of Waverly*, 707 F.3d 975, 981 (8th Cir. 2013) (emphasis in original)).

Here, even construing this pro se complaint liberally, the Court still finds that plaintiff has not stated a claim upon which relief can be granted. Plaintiff does not allege that the officers and the towing company permanently deprived him of his vehicle or that he does not have access to his vehicle at present. Rather, he claims that the officers ordered the vehicle towed and the towing company likely carried out the tow. *See Meier v. City of St. Louis*, 934 F.3d 824, 827 (8th Cir. 2019) (finding a potential violation when the plaintiff "still had not obtained clean title for" a truck that was towed and damaged). Because the alleged conduct occurred on three occasions, it also seems that plaintiff does not claim that any deprivation of his vehicle was permanent; he got his vehicle back on at least two occasions before defendants allegedly unlawfully towed it again. The Court finds that this conduct is not arbitrary and capricious nor is it a truly egregious and extraordinary case. Finally, police have authority to "take into custody an abandoned vehicle on public property," which includes "[a] vehicle that has been left unattended on public property for more than twenty-four hours and lacks current registration plates" and "[a]ny vehicle parked on the highway determined by police authority to create a hazard to other vehicle traffic." Iowa Code § 321.89(1)(a), (c). It is not a violation of plaintiff's constitutional rights for law enforcement officers and a towing company to comply with the Iowa Code. Thus, the Court **dismisses** the complaint for failure to state a claim upon which relief may be granted.

## ***IV. ADMONISHMENT***

As stated at the onset, plaintiff filed these four cases within less than a month's time. Plaintiff has previously had a case dismissed on initial review. (26-CV-2015 Doc. 2). Plaintiff has a second case in which the Court dismissed all but one of plaintiff's

claims as frivolous on initial review. (25-CV-2071 Doc. 10).[5] Given the frequency at which plaintiff is filing cases, and that this is plaintiff's sixth case before the Court in the last year in which the Court has dismissed nearly all claims, the Court finds it appropriate to admonish plaintiff.

As discussed above, all four of the instant cases fail to allege a claim for which relief can be granted.[6] Plaintiff, like all litigants, is required to comply with Federal Rule of Civil Procedure 11 which requires that the litigant certify that all "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Plaintiff is put on notice that if he files further cases or makes further arguments that are deemed to fail to state a claim for which relief can be granted on initial review, he will be directed to show cause why he should not be monetarily sanctioned for violating Rule 11.[7]

---

[5] The Court notes that the dates of two of the alleged violations in this previous case are April 25, 2025 and May 20, 2025, and that two of the claimed "unlawful tows" in 26-CV-2061 are from the same dates. (25-CV-2071 Doc. 10, at 5–7). In 25-CV-2071, plaintiff alleges that defendant Schneider arrested him on April 25, 2025, and subsequently towed his car. (*Id.*, at 5). Plaintiff also alleges that on May 20, 2025, following another interaction with law enforcement and defendant Kajtezovic, he walked away from his vehicle. (*Id.*, at 6). Thus, while plaintiff now claims that on those dates the vehicle "met zero lawful impoundment requirements," (26-CV-2061), plaintiff has included facts in this previous case to suggest otherwise. Plaintiff also suggests, although the Court cannot tell conclusively from the barebones facts alleged in the instant case, that plaintiff is bringing a second claim based on the same events.

[6] If plaintiff were a prisoner, the four case dismissals in this order would likely result in him accruing 'three strikes' under 28 U.S.C. § 1915(g) and he would be barred from filing further suits. While § 1915(g) is not applicable to non-prisoner case filings, the underlying rationale, to prevent frivolous and repetitive litigation from impairing the Court's ability to function, is.

[7] Sanctions would start, at minimum, at the cost of the standard civil case filing fee. They would increase proportionally if plaintiff continues to file documents with the Court that fail to allege cognizable claims.

## *V. CONCLUSION*

For the reasons stated:

1. Plaintiff's motions to proceed in forma pauperis are **granted**. (26-CV-2050, Doc. 1; 26-CV-2052, Doc. 1; 26-CV-2060, Doc. 1; 26-CV-2061, Doc. 1).
2. The Clerk of Court is directed to file each complaint and, in 26-CV-2050, the attached exhibits, without the prepayment of fees. (26-CV-2050, Docs. 1-1 through 1-3; 26-CV-2052, Doc. 1-1; 26-CV-2060, Doc. 1-1; 26-CV-2061, Doc. 1-1).
3. After an initial review of the cases, plaintiff's complaints are **dismissed** because they fail to state a claim upon which relief may be granted. (26-CV-2050, Doc. 1-1; 26-CV-2052, Doc. 1-1; 26-CV-2060, Doc. 1-1; 26-CV-2061, Doc. 1-1).
4. Pursuant to Federal Rule of Appellate Procedure 4(a)(1), parties wishing to appeal a judgment in a civil case must file a notice of appeal "with the district clerk within 30 days after entry of the judgment or order appealed from." The Clerk of Court is directed to send plaintiff a copy of Form 1A from the Appendix of Forms from the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED** this 11th day of September, 2026.

C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa